IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ADRIENNE ABEL,** *et al.***,**

**Plaintiffs,**

**v.**

**SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,**

**Defendants.**                         Case No. 13-cv-780-DRH-DGW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.     INTRODUCTION

Plaintiffs' motion to remand this action to the Twentieth Judicial Circuit Court in St. Clair County, Illinois, is now before the Court (Doc. 11). Defendant, named in plaintiffs' complaint as SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline ("GSK"), of course opposes remand (Doc. 14). As the Court re-affirms its previous decisions on the subject presented herein, plaintiffs' motion to remand is GRANTED.

## II. BACKGROUND

This action is representative of a number of Avandia product liability cases brought against GSK in St. Clair County, Illinois, in June 2013; removed to this Court thereafter.[1] The issues presented in plaintiffs' instant request are relatively straightforward and require little background.

First, the Court notes it has recently declined plaintiffs' invitation to reject the findings and reasoning of the Third Circuit and hold that GSK is a citizen of Pennsylvania. In adopting the reasoning of the Third Circuit, finding that GSK is in fact a citizen of Delaware, *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 352-357 (3d Cir. 2013), this Court recently denied plaintiffs' motions to remand in *Carroll, Font, Jamison, Mekal, Reeves, Sullivan,* and *Williams.* Very shortly thereafter, the plaintiffs voluntarily dismissed all plaintiffs in *Reeves, Sullivan,* and *Mekal* (actions in which plaintiffs could dismiss by notice, *see* Fed. R. Civ. P. 41(a)(1)(A)(i)). As for *Jamison*, *Font*, *Williams*, and *Carroll*, these actions have since been swept away to MDL 1871.

As for this action, plaintiffs dismissed the claims of all but three individuals: Kathleen Arcuri ("Arcuri") (a New York citizen), Barbara Arnone

---

[1] *See also Reeves, et al. v. SmithKline Beecham Corporation*, 13-cv-675-DRH-DGW; *Sullivan, et al. v. SmithKline Beecham Corporation,* 13-cv-676-DRH-DGW; *Jamison, et al. v. SmithKline Beecham Corporation*, 13-cv-677-DRH-DGW; *Font, et al. v. SmithKline Beecham Corporation*, 13-cv-678-DRH-DGW; *Williams, et al. v. SmithKline Beecham Corporation*, 13-cv-680-DRH-DGW; *Mekal, et al. v. SmithKline Beecham Corporation*, 13-cv-683-DRH-DGW; and *Carroll, et al. v. SmithKline Beecham Corporation*, 13-cv-685-DRH-DGW.

("Arnone") (a Delaware citizen), and Saidan Bibi ("Bibi") (a Michigan citizen). With these facts in mind, the Court turns to the dispute at hand.

### III.  LAW AND APPLICATION

Under the removal statute, defendants may remove an action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubts in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). GSK bases removal on diversity jurisdiction, which requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332.

The monetary threshold is undisputed. However, to summarize this dispute in the simplest of terms, on the face of the complaint we have a plaintiff, Arnone, and a defendant, GSK, who are both citizens of Delaware. GSK's solution to this jurisdictional blockade is to sever and remand Arnone's claims, while retaining jurisdiction over the claims of Arcuri and Bibi. GSK relies upon the doctrine of "procedural misjoinder," also knows as "fraudulent misjoinder," first recognized

in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), and since rejected by this Court in *Sabo v. Dennis Techs., LLC,* 2007 WL 1958591 (S.D. Ill. July 2, 2007) (Herndon, J.) and *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* 779 F. Supp. 2d 846, 853 (S.D. Ill. 2011) (Herndon, J.), and also by several other District Judges in this District. *See e.g. Rutherford v. Merck Co.,* 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) (Murphy, J.); *Aranda v. Walgreen Co.*, 2011 WL 3793648 (S.D. Ill. Aug. 24, 2011) (Gilbert, J.).

Fraudulent joinder, which the Seventh Circuit has recognized, "occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in the pleading." *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). "In determining whether there is diversity of citizenship, fraudulently joined parties are disregarded." *Id.*

In contrast, procedural misjoinder, which the Seventh Circuit has not had occasion to discuss, typically invokes a defendant's argument that a plaintiff's complaint has egregiously misjoined unrelated, non-fraudulent claims of non-diverse plaintiffs, in an attempt to avoid federal court. *See Tapscott,* 77 F.3d at 1360. Thus, the doctrine of procedural misjoinder requires a court to evaluate the applicable permissive joinder rules.

This Court has extensively discussed its reasoning in respectfully declining to recognize the doctrine of procedural misjoinder. *See Sabo,* 2007 WL 1958591 at *6-8; *In re Yasmin,* 779 F. Supp. 2d at 853-857. To summarize, this Court feels that recognition of such a doctrine acts as an improper expansion of subject matter jurisdiction, as misjoinder under the applicable permissive joinder rules is a matter to be resolved first at the state level. Joinder of non-fraudulent claims does not appear to this Court to implicate subject matter jurisdiction. Additionally, the need for clear and precise jurisdictional rules weighs against this Court's recognition of procedural misjoinder. *See id.*

Notably, this Court shares GSK's frustrations concerning plaintiffs' joinder of seemingly unrelated claims in an apparent attempt to avoid the MDL procedure. Due to this Court's extensive MDL experience, it fully appreciates the efficiency and benefits associated with MDL. However, GSK has not met its burden of demonstrating subject matter jurisdiction exists. This Court follows the reasoning of its previous orders and once again declines to recognize the doctrine of procedural misjoinder until such time as it is endorsed by the Seventh Circuit or Supreme Court.

### IV. **CONCLUSION**

For the reasons stated above, plaintiffs' motion to remand is **GRANTED** (Doc. 11). This case is hereby **REMANDED** to the Twentieth Judicial Circuit Court in St. Clair County, Illinois.[2]

**IT IS SO ORDERED.**

Signed this 30th day of October, 2013.

David R. Herndon
2013.10.30
05:54:56
-05'00'

**Chief Judge
United States District Court**

---

[2] GSK's response in opposition to remand contains an alternative request for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court shall not meaningfully address GSK's undeveloped argument, as GSK does not address the fact that 28 U.S.C. 1447(d) expressly provides that an order remanding a case is not appealable if made pursuant to the grounds set forth in section 1447(c). *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 126–28 (1995). GSK's request for certification for interlocutory appeal is denied at this time.